UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN ADMIRALTY

CASE NO.:

NAVAL LOGISTIC, INC. d/b/a
MIDDLE POINT MARINA,

    Plaintiff

v.

M/V CHAMELEON II, *in rem*,
and BRENT REYNOLDS, *in personam*,

    Defendant.
_____/

## VERIFIED COMPLAINT

Plaintiff, Naval Logistic, Inc. d/b/a Middle Point Marina ("MPM"), by and through undersigned counsel, sues Defendants, M/V Chameleon II ("Vessel"), *in rem*, its owner, Brent Reynolds( "Owner"), *in personam*, and alleges as follows:

1. The Court has jurisdiction over this cause pursuant to the provisions of Section 1333 of Title 28, United States Code. This is an admiralty and maritime claim within the meaning of Rule 9(h). This is an action to enforce a maritime lien on a vessel which is authorized by 46 USC Section 31342(a)(2) and is brough pursuant to Rule C(1)(b) of the Supplement Rules for Admiralty and Maritime Claims.

2. This action arises out of a breach of a Shipyard Agreement for service, modifications, repairs, labor, storage, and supplies provided to the M/V Chameleon II. A copy of the Shipyard Agreement is attached hereto as [Exhibit "A"].

3. The Shipyard Agreement is governed by the laws of Florida and by U.S. general maritime law.

4. The Shipyard Agreement provides that this lawsuit is subject to the admiralty and maritime jurisdiction of the United States District Court for the Southern District of Florida, Miami, Division.

5. At all times material hereto, Plaintiff, MPM was and still is a Florida corporation which operates a shipyard located at 3601 NW South River Drive, Miami, Florida.

6. Defendant, Vessel, is a 40' motor vessel bearing the hull no. VSC40028J718.

7. At all times material hereto, the Vessel was owned by Defendant, Brent Reynolds, whose address is 6395 SW 120th St., Miami, Florida 33156.

8. Defendant, Vessel is presently located at Middle Point Marina, which is within this district and within the jurisdiction of the Court.

9. On or about September 20, 2021, Owner entered into the attached Shipyard Agreement with MPM for repair of the Vessel and several other services, including but not limited to, a rebuild of its engines.

10. MPM provided Owner with an estimate prior to commencement of the repairs and services. Owner requested work in addition to that provided in the original estimate. Owner was promptly presented with additional invoices upon completion of the additional requested work. MPM provided Owner with updates, photographs, and answers to Defendant's inquiries throughout the entire repair and service process.

11. At the conclusion of MPM's work on or about April 12, 2022, Owner owed MPM payment for outstanding invoices in the amount of $28,274.48. These outstanding invoices—Invoice Nos. 7292021298A and 7292021-298 are attached as Exhibit B.

12. At the conclusion of MPM's work on or about April 12, 2022, MPM insisted that Owner pay the balance due and remove the vessel from its yard. Owner was notified that it would be charged additional fees for the hauling out and storage of the vessel in order to create needed space along MPM's seawall and therefore mitigate the interruption of MPM's business. The outstanding invoice for ongoing storage fees—reflected in Invoice No. 23A—is also attached as Exhibit B. As of the filing of this Complaint, the additional storage fees total $14,048.24, and will continue to accrue daily until arrest of the vessel and appointment of a custodian.

13. To date, Owner has refused or otherwise failed to pay the balance due and owed to MPM and remove the vessel from MPM's property.

14. As a result of the above, MPM has sustained damages in the amount of $42,322.72 at the time of filing this Complaint for the services provided to the vessel.[1]

## COUNT I
## BREACH OF CONTRACT

15. Plaintiff re-alleges and incorporates herein paragraphs 1 through 14 above, as if fully stated herein and further alleges:

16. Plaintiff and Owner entered into a valid contract whereby MPM would repair, service, and store the Vessel, including but not limited to, a rebuild of its engines, in exchange for payment of various invoices, including those attached. *See* Exhibit B.

17. Owner breached the contract by failing to pay the balance due and owed to MPM upon presentation of the invoices.

18. The unpaid balance that remains due and owing to MPM with regard to the Vessel as of the date of the filing of this Complaint is $42,322.72.

---

[1] Until the Vessel is arrested and a custodian is appointed and takes possession, it will continue to accrue daily storage fees.

19. The Shipyard Agreement provides for the recovery of attorney's fees by MPM from the Owner in the event MPM engages an attorney to collect any unpaid invoices.

20. As a direct and proximate result of Defendant's failure to pay the outstanding charges, Plaintiff, MPM, has sustained damages of $42,322.72 as of the filing of this Complaint plus attorney's fees.

WHEREFORE, Plaintiff requests the Court enter judgment against Defendants for the full amount of Plaintiff's damages, plus pre-judgment interest, attorney's fees and costs, and any other relief this Court deems just and proper.

## COUNT II
## MARITIME LIEN FOR NECESSARIES

21. Plaintiff re-alleges and incorporates herein paragraphs 1 through 20 above, as if fully stated herein and further alleges:

22. The providing of "necessaries" to a vessel creates a maritime lien against the vessel by the party that provided the "necessaries." *American Marine Tech., Inc. v. M/Y Alchemist*, 526 F.Supp. 3d 1236, 1246 (S.D. Fla. 2021) (*citing Dresdner Bank AG v. M/V Olympia Voyager*, 465 F.3d 1267, 1276 (11th Cir. 2006). Repairs, supplies, storage and the use of a dry dock or marine railway are "necessaries." *Id.* (citing 46 U.S.C.A. § 31301); *see also Robbie's of Key W. v. M/V Komedy III*, 470 F. Supp. 3d 1264, 1268 (S.D. Fla 2020) (providing a "necessary" such as dock space, storage, and/or amenities entitled the provider to a maritime lien).

23. Plaintiff, MPM, has a valid maritime lien for necessaries against the Vessel arising from the repairs, services, storage and use of its dock space and dry dock.

24. Plaintiff, MPM, provided the necessaries at a reasonable price.

25. Plaintiff, MPM, provided the necessaries to the Vessel.

26. Plaintiff, MPM, provided the necessaries at the direction of the Vessel's owner, Brent Reynolds.

27. Defendant, Owner has failed and/or refused to pay the outstanding balance due and owed to MPM, and Plaintiff, MPM, has a direct cause of action against the Vessel, *in rem*.

28. Plaintiff, MPM, requests that this Honorable Court issue a warrant for arrest *in rem* allowing the United States Marshal to arrest the Vessel. If Plaintiff, MPM's maritime lien is not paid in a timely fashion, Plaintiff, MPM will request this Honorable Court to direct the United States Marshal to sell the vessel at the Marshal's auction to satisfy the maritime lien.

WHEREFORE, Plaintiff, MPM, respectfully requests the following:

A. A warrant for arrest issued against the M/V Chameleon II, her engines, boilers, tackle, equipment, furniture, apparel, etc., and that any person, firm or corporation claiming any interest in said vessel may be cited to appear and answer this Complaint; and

B. The Court direct that notice of commencement of this suit shall be given by Plaintiff to the owner of the M/V Chameleon II and any other persons, firms or corporations having any interest herein or having filed any mortgages or notices of lien against the Vessel;

C. That Plaintiff have a judgment entered in its favor for the amounts owed, plus pre-judgment interest, attorney's fees and taxable costs of this action; and

D. Plaintiff be awarded such other and further relief as the Court deems just and proper.

## COUNT III
**UNJUST ENRICHMENT (against Brent Reynolds)**

29. Plaintiff re-alleges and incorporates herein paragraphs 1 through 14 above, as if fully stated herein, pleads this count *in the alternative*, separate and distinct from Counts I and II, and further alleges:

30. Plaintiff conferred a benefit on Defendant, Brent Reynolds, in the form of repairs and services to the Vessel.

31. Brent Reynolds knew of the benefit conferred by Plaintiff.

32. Brent Reynolds accepted and retained the benefit conferred by Plaintiff.

33. The circumstances are such that it would be inequitable for Brent Reynolds to retain the benefit conferred by Plaintiff without paying the reasonable value thereof.

34. The reasonable value of the benefit conferred by Plaintiff on Brent Reynolds is $36,xxx.

35. Plaintiff has no adequate remedy at law.

36. All conditions precedent to this action have been performed, have occurred, have been satisfied, or have been waived or excused.

WHEREFORE, Plaintiff, MPM, requests that the Court enter judgment against Brent Reynolds, for $42,322.72, plus interest and costs.

Signed this 24 day of June, 2022.

Respectfully submitted,

**FOREMAN FRIEDMAN, PA**

By: */s/ Zachary L. Foreman*
Zachary L. Foreman, Esq. (FBN 1017993)
zforeman@fflegal.com
Jeffrey E. Foreman, Esq. (FBN 0240310)
Jforeman@fflegal.com
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard

Miami, Florida 33131
Tel: (305) 358-6555
Fax: (305) 374-9077
*Counsel for Plaintiff*

## VERIFICATION

STATE OF FLORIDA)
                 SS)
COUNTY OF MIAMI)

BEFORE ME, the undersigned authority, personally appeared EDUARD CASTILLO, who, being first duly sworn according to law, deposes and says that he is the President of Naval Logistic, Inc. d/b/a Middle Point Marina, has read the Complaint, and as to the facts stated to be true, they are true, and as to the facts stated on information and belief, he is informed that they are true.

_____
Eduard Castillo

SWORN TO and SUBSCRIBED TO before me on this ___ day of June, 2022.
Individual personally known _____ OR Individual produced identification _____
Type and number of identification(s) produced _____.

_____
NOTARY PUBLIC

My Commission Expires:

SIMONE ARGY
Notary Public - State of Florida
Commission # GG 359402
My Comm. Expires Jul 28, 2023
Bonded through National Notary Assn.